**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICARDO ZAVALA-ESPINOZA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-71362

Agency No. A205-418-937

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 23, 2020[**]

Before:  HAWKINS, GRABER, and BYBEE, Circuit Judges.

Petitioner Ricardo Zavala-Espinoza, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals's (BIA) order dismissing his

appeal from an Immigration Judge's (IJ) denial of his application for withholding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal.[1]  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

Substantial evidence supports the BIA's conclusion that, assuming Zavala-Espinoza's testimony was credible, he failed to show any individualized risk of future persecution.  *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (requiring a showing that an applicant will "more likely than not" suffer future persecution to merit withholding of removal).  He admitted that his family does not know why his half-brothers were killed five years ago, or who killed them.  He points to nothing in the record that compels the conclusion that, as a relative of murdered individuals, he would be singled out for similar treatment.  *See id.* at 1066 (requiring "a considerably larger quantum of individualized-risk evidence to prevail" on a withholding claim than on an asylum claim).  Similarly, nothing in the record compels a conclusion that he faces an individualized risk as an Americanized Mexican returning to Mexico.  *See Lolong v. Gonzales*, 484 F.3d 1173, 1180–81 (9th Cir. 2007) (en banc) (holding that individualized risk requires more than general fears common to an entire group).

---

[1] Zavala-Espinoza previously applied for asylum, cancellation of removal, and protection under the Convention Against Torture, but withdrew all those requests for various reasons.  Withholding of removal is his only remaining claim.

Substantial evidence also supports the BIA's conclusion that Zavala-Espinoza's claim was too generalized and speculative because he offered no evidence beyond his own speculation about why his half-brothers were killed. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (concluding that speculative possibilities are insufficient to show a fear of future persecution).

Accordingly, Zavala-Espinoza failed to establish a clear probability of future persecution and his claim for withholding of removal fails. We do not reach the other issues that Zavala-Espinoza raised but that the BIA did not consider. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (internal quotation marks omitted)).

PETITION DENIED.